**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>HYUN JU HONG AKA HYUN JU KIM<br>Debtor | Case No. 25-12068-amc |
| Wells Fargo Bank, N.A.,<br>Movant<br><br>vs.<br>HYUN JU HONG AKA HYUN JU KIM<br>Respondent | Chapter 13<br><br><br><br><br>11 U.S.C. §362 |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, Wells Fargo Bank, N.A., and DAVID B. SPITOFSKY, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 590 Hidden Lair Dr, Blue Bell, PA 19422, mortgage account ending with "**9801**.

3. The Parties agree that the total delinquent taxes for 2025 Whitpain Township Taxes in the amount of $2,838.71.

4. The Parties agree that the Debtor has until **January 31, 2026** to obtain a repayment plan with the township taxing authority for the delinquent taxes listed above and any additional delinquent taxes and agrees to remain current with all taxes and insurance henceforward**.**

5. Should the Debtor fail to enter into a repayment plan with the taxing authority by January 31, 2026 or falls delinquent again the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P.

3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

6. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

7. The parties agree that a facsimile signature shall be considered an original signature.

Dated: January 19, 2026

*/s/ Andrew Spivack*
Andrew Spivack, Esquire
Attorney for Movant

/s/ David B. Spitofsky
DAVID B. SPITOFSKY, Esquire
Attorney for Debtor

/s/ Jack K. Miller, Esquire for
KENNETH E. WEST, Esquire
Trustee

I have no objection to the terms of the proposed stipulation, without prejudice to any rights or remedies available to us.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>HYUN JU HONG AKA HYUN JU KIM<br>Debtor | Case No. 25-12068-amc |
| Wells Fargo Bank, N.A.,<br>Movant<br><br>vs.<br>HYUN JU HONG AKA HYUN JU KIM<br>Respondent | Chapter 13<br><br>11 U.S.C. §362 |

**ORDER**

**AND NOW**, this _____ day of ___________________ , 2025, it is hereby **ORDERED** that the corresponding Stipulation is hereby approved, shall be, and is hereby made an Order of this Court.

_______________________________
Ashely M. Chan
CHIEF BANKRUPTCY JUDGE

HYUN JU HONG
590 HIDDEN LAIR DRIVE
BLUE BELL, PA 19422

DAVID B. SPITOFSKY
516 Swede Street
Norristown, PA 19401

KENNETH E. WEST
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106

Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107